UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENCORE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-0038-B |
| | § | |
| WIRELESS ACQUISITIONS, LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sencore, Inc.'s (Sencore) motion for summary judgment. Doc. 22. For the following reasons, the Court **GRANTS** Sencore's motion.

I.

BACKGROUND[1]

This is a breach-of-contract case. In April 2015, Sencore and Defendant Wireless Acquisitions, LLC (Wireless) entered into an Authorized Reseller Agreement (Agreement) under which Wireless obtained a license to purchase and resell Sencore's broadcast equipment. Doc. 22, Pl.'s Mot. for Summ. J. & Br. in Supp.,5. The Agreement obligates Sencore to fulfill Wireless's purchase orders and requires Wireless to pay for the products it requests. *Id.* Shortly after obtaining the license, Wireless executed multiple purchase orders, which Sencore fulfilled by creating and delivering the products. *Id.* at 5–7. But Wireless did not pay Sencore for all of the products it received. *Id.* at 7. Sencore claims Wireless still owes $75,910.08 for the products, plus $7473.69 in

---

[1]The Court draws its factual history from the pleadings and the summary-judgment record. Because Wireless has not responded to the motion for summary judgment, the facts are undisputed.

-1-

default interest, for a total of $83,383.77. Doc. 22-1, Pl.'s App., 5. After Sencore filed this suit, the parties entered into a settlement agreement; Wireless agreed to pay a certain amount of money to Sencore within ninety days to settle Sencore's claims. Pl.'s Mot. for Summ. J. & Br. in Supp., 3–4. But Wireless never paid. *Id.* at 4. So in November 2017, Sencore moved for summary judgment on its breach-of-contract claim. Doc. 22. Wireless has not responded to Sencore's motion. Sencore's motion is ripe for resolution.

## II.

## LEGAL STANDARD

Courts must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A motion for summary judgment cannot be granted simply because there is no opposition." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment." *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015). District courts need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992).

## III.

## ANALYSIS

Sencore argues it is entitled to summary judgment on its breach-of-contract claim because it is undisputed that Wireless agreed to pay Sencore to manufacture and deliver broadcasting equipment; that Sencore manufactured and delivered equipment to Wireless; and that Wireless did

not pay Sencore for all of the equipment Wireless received. Doc. 22, Pl.'s Mot. for Summ. J. & Br. in Supp., 2. Wireless has not responded to Sencore's motion, so the only question before the Court is whether Sencore is entitled to judgment as a matter of law under the facts it has presented in its motion. *See Morgan*, 114 F. Supp. 3d at 437; *see also UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609, 614 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept the evidence submitted by [the movant] as undisputed.").

To prevail on a breach-of-contract claim under Texas law, a plaintiff must prove: (1) there was a valid contract; (2) plaintiff performed his or her obligations under the contract; (3) defendant breached the contract; and (4) plaintiff suffered damages as a result of defendant's breach. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

Sencore's uncontroverted evidence establishes as a matter of law that Wireless breached the Agreement. The parties entered into the Agreement on April 15, 2015. Doc. 22-1, Pl.'s App., 7. The Agreement requires Sencore to fulfill Wireless's purchase orders and obligates Wireless to pay for the products it requests. *Id.* at 11. Sencore fulfilled each purchase order Wireless submitted by manufacturing and delivering broadcasting products to Wireless. *Id.* at 29, 35, 40. Wireless breached the agreement by failing to pay for all the products it received, and Sencore has demonstrated that it is entitled to $83,383.77 in damages. *Id.* at 5, 11.

## IV.

## CONCLUSION

For the reasons stated, the Court **GRANTS** Sencore's motion for summary judgment. Doc. 22. If Sencore seeks attorney fees, it must do so in a separate motion by **May 25, 2018**. Sencore should attach to its motion for attorney fees a detailed record of actual time spent on this case.

SO ORDERED.

SIGNED: April 26, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE