UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENCORE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-00038-B |
| | § | |
| WIRELESS ACQUISITIONS, LLC | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sencore, Inc.'s motion for attorney's fees. Doc. 32. For the following reasons, the Court **GRANTS** the motion.

### I.

### BACKGROUND

The Court entered final judgment in favor of Sencore in this breach-of-contract case. *Sencore, Inc. v. Wireless Acquisitions, LLC*, No. 3:17-CV-0038-B, 2018 WL 1964235 (N.D. Tex. Apr. 26, 2018). Now Sencore seeks an award of attorney's fees and litigation-related costs in the amount of $17,196.00. Doc. 32. In support of its motion, Sencore attaches (1) its November 2016 email demanding payment from Defendant Wireless Acquisitions, LLC, (2) an affidavit from its counsel, (3) and its counsel's time entries. *Id.*

## II.

## LEGAL STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure governs costs and attorney's fees. Under the American Rule, prevailing parties generally cannot recover attorney's fees without a statutory or contractual basis. *Summit Valley Indus., Inc. v. United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982). Rule 54(d)(2) provides the procedure for the prevailing party, by motion, to specify the statute, rule, or other grounds entitling them to fees and costs. The Authorized Reseller Agreement, the parties' contract, permits the prevailing party to recover reasonable attorney's fees and litigation-related costs. Doc. 22-2, Authorized Reseller Agreement, 11. Sencore is the prevailing party because the Court entered summary judgment in its favor. *Sencore, Inc.*, 2018 WL 1964235, *2. So Sencore is entitled to attorney's fees and costs.

There is a two-step process to determine whether an award of attorney's fees is reasonable. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). First, the Court must calculate the lodestar by multiplying the "number of hours reasonably expended . . . by the prevailing hourly rate in the community for similar work." *Id.* (internal citation and quotation marks omitted). "There is a strong presumption of the reasonableness of the lodestar amount." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Then the Court applies the twelve *Johnson* factors to the lodestar to decide whether it should be adjusted. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

## III.

## ANALYSIS

Defendants never responded to Sencore's motion, but the Court must still verify that Sencore is entitled to the amount it seeks. *See United States v. Shipco Gen.,* 814 F.2d 1011, 1014 (5th Cir. 1987) ("A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages."). Sencore's counsel spent 52.9 hours working on this case at a rate of $300 per hour and 4.1 hours at a rate of $220 per hour. *See* Doc. 32-3. After reviewing the attached billing invoices and counsel's declaration, the Court is satisfied that counsel's rate is the prevailing hourly rate in the community for similar work and that the time billed was not excessive, duplicative, or inadequately documented. By multiplying the hourly rate by the number of hours counsel spent on this case and adding the filing fee, service of process, and postage, the Court arrives at the lodestar amount of $17,346. And the *Johnson* factors[1] do not justify adjusting the lodestar. So the Court **GRANTS** Sencore's motion and awards it $17,346 of attorney's fees.

---

[1] They are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the requisite skill to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

## IV.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** Sencore's motion for attorney's fees, Doc. 32, and awards Sencore $17,346.

**SO ORDERED.**

**SIGNED:** June 5, 2018

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE